OPINION — AG — ** MUNICIPAL ELECTION — COUNCILMAN ** (1) THE CANDIDATE WHO FILED FOR DEMOCRATIC NOMINATION FOR "CITY COUNCILMAN" OF THE TOWN OF MULDROW INTENDED TO FILE FOR SUCH NOMINATION AS A MEMBER OF THE BOARD OF TRUSTEES OF SAID TOWN. (2) UNDER THE PRINCIPLES OF LAW ANNOUNCED IN `GARDNER V. SCOTT' EACH OF THE TWO CANDIDATES WHO FILE FOR NOMINATION OF THE DEMOCRATIC PARTY FOR "CITY JUDGE" AND THE ONE CANDIDATE WHO FILED FOR NOMINATION OF THE DEMOCRATIC PARTY FOR "CITY JUSTICE OF PEACE", IF THEIR NOTIFICATION AND DECLARATION OF CANDIDACY WERE DULY FILED AND OTHERWISE VALID, WERE CANDIDATES FOR DEMOCRATIC NOMINATION FOR THE OFFICE OF "JUSTICE OF PEACE" OF THE TOWN OF MULDROW. (3) THE PRIMARY ELECTION REFERRED TO BY YOU WAS NOT A LEGAL ELECTION. (PRIMARY ELECTION) CITE: 11 O.S. 41 [11-41](A), 26 O.S. 166 [26-166] (FRED HANSEN) (MULTI FILING BUT NO PRIMARY, WHICH ONE IS THE NOMINEE OF THE PARTY ?)